STATE IN THE INTEREST OF A. H.

STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT, v.
A. H., JUVENILE-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 1, 1971—Decided June 18, 1971.

Before Judges GOLDMANN, LEONARD and FRITZ.

*Mrs. Susan T. Sinins,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Martin R. Kayne,* Assistant Prosecutor, argued the cause for respondent (*Mr. Joseph D. J. Gourley,* Passaic County Prosecutor, attorney).

PER CURIAM. A. H. appeals from an adjudication of delinquency in the Juvenile and Domestic Relations Court. He complains that no prima facie case was established against him, that the court erred in reviewing the prior record during the adjudicatory stage of the proceedings, that he was denied his right of allocution, and that the court's refusal to accept a demonstration of his arms was erroneous.

The juvenile, known to the police, was summoned to a squad car where it was stopped at an intersection, so that the officers might talk to him about an incident that had occurred the previous day. As the juvenile approached the police car, he suddenly turned and ran. The police, suspecting something wrong, followed on foot. As they chased him, he withdrew a brown paper bag from his back pocket and discarded it. The bag was found to contain narcotics paraphernalia. (The allegation appears in the statement of facts in juvenile's brief that "There was no testimony identifying the contents of the bag or describing the uses the items therein could be put." As a matter of fact, the paraphernalia was actually marked in evidence over objection of defense counsel.)

At the hearing A. H., 14 years old, upon early inquiry from the judge after the charge had been explained to him, said that the charge was true and that he was entering a plea of guilty. On his counsel's insistence and an assertion of surprise, and despite the reiteration then by A. H. of a plea of guilty, the court accepted a not guilty plea and the matter was heard. The facts set forth above were uncontroverted and proved beyond any reasonable doubt.

■■ Even assuming that the charge was more limited than simply a complaint of violation of *N. J. S. A.* 2A:4-14 (2)m and was in fact a charge of a violation of *N. J. S. A.* 2A:170-77.5, we are satisfied that violation of the latter

statute was proved beyond a reasonable doubt. While denying that he had used the objects in the bag, A. H. admitted that he knew "what other people use them for." From possession of the articles an intent to use can be readily inferred. *State in the Interest of J. M.*, 57 *N. J.* 442 (1971), reversing 110 *N. J. Super.* 337 (App. Div. 1970).

█ Defense counsel offered to demonstrate the arms of A. H. to the court presumably for the purpose of showing an absence of needle marks. An objection was sustained. The relevance of the offer is questionable. At best it would have demonstrated, in a negative fashion, that A. H. had not yet used the equipment found in his possession. Such negative evidence would seem of little probative value in a charge of possession with intent to use. We perceive no error here.

█ █ It would appear that during the course of the hearing the court reviewed a prior record of the juvenile's "long history" in that court. The consideration of a prior record for the purposes of adjudication is, of course, improper. *R.* 5:3–6 specifically directs that "in juvenile matters, social investigations shall be made only after findings sufficient to support an adjudication or after an adjudication and in the manner prescribed by *R.* 5:9–1(f)." On the other hand, the consideration of an investigation of past events is not only entirely proper for dispositional purposes but expressly sanctioned by *R.* 5:9–1(f). While the judge below might well have been better advised not to refer to such a report during testimony and before adjudication, if for no other reason than to avoid suspicion of improper use, we are satisfied that the actual use to which the judge put the report, *i. e.*, for dispositional purposes, was not improper here and should not affect the adjudication. This is amply demonstrated by the court's response to defense counsel's inquiry regarding relevancy of the report after the judge had volunteered the information that he had "reviewed his record." The court replied, "To disposition they are relevant."

We therefore find the adjudication of juvenile delinquency to be free of error and in this respect we affirm.

██ After the adjudication, the court proceeded to direct placement of A. H. in the State Home for Boys. At that point defense counsel said, "I have a recommendation, your Honor, if I can find it." The court replied, "That's the disposition of the Court." No opportunity for allocution was offered and counsel's attempt to find material from which to speak on behalf of A. H. was abruptly terminated by the court. In this we think the trial judge erred.

R. 3:1–1 can be read so as to exclude application of Part III (Rules Governing Criminal Practice) to the Juvenile and Domestic Relations Court. On the other hand, R. 5:6–1 specifically makes applicable the provisions of R. 3:21 where the right of allocution appears at R. 3:21–4(b). Without regard to whether application of R. 3:21–4(b) is mandated, we have no doubt that fundamental fairness compels the allowance of allocution where a juvenile has been adjudicated delinquent. See *In re Gault*, 387 *U. S.* 1, 87 *S. Ct.* 1428, 18 *L. Ed.* 2d 527 (1965). The argument advanced by the State that R. 3:21–4(b), speaking as it does in terms of mitigation of punishment, should not apply to juvenile proceedings where rehabilitation (rather than punishment) is the watchword, is entirely unpersuasive.

This failure to comply with the rules does not convert the sentence to an "illegal" one. *State v. Cerce*, 46 *N. J.* 387 (1966). It does not affect the adjudication. The remedy is remand for resentencing. *State v. James*, 84 *N. J. Super.* 109 (App. Div. 1964).

Accordingly, we remand for further dispositional proceedings in conformity with the above at which allocution shall be allowed. In advance of such proceedings the court below shall procure an updated predisposition investigation and report pursuant to R. 5:9–10(b) and R. 5:9–1(f).